**CORNELL, Admr. Bureau of Unemployment Compensation, Plaintiff-Appellant, v. WOLF, The Frankelite Co., Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22491. Decided June 23, 1952.

C. William O'Neill, Atty. Genl., Columbus, C. E. McLeod, of Counsel, for plaintiff-appellant.

C. William O'Neill, Atty. Genl., Columbus, J. E. Olsen, of Counsel, for defendant-appellees.

(HUNSICKER, PJ, DOYLE, J, of the 9th District; METCALF, J, of the 4th District, sitting by designation in the 8th District.)

## OPINION

By HUNSICKER, PJ:

Phyllis R. Wolf, appellee herein, filed a claim for benefits with the Bureau of Unemployment Compensation. Her claim was denied by the administrator. Upon appeal to the referee, the claim was allowed. The Board of Review affirmed the decision of the referee. Upon appeal to the Common Pleas Court, the decision of the Board of Review was reversed for the reason that such decision is "unlawful, unreasonable and against the manifest weight of the evidence."

From the judgment of reversal by the Common Pleas Court, the Board of Review of the Bureau of Unemployment Compensation appeals to this court on questions of law.

Phyllis R. Wolf lost her employment and thereafter registered for work at the proper employment office. The employment office referred her for work to a company located within the City of Cleveland in the same general area where she resided. Mrs. Wolf was divorced from her husband and had the care and custody of her four year old child.

Mrs. Wolf accepted the referral paper and noted from such paper that the work to which she was referred required her to be at the office of the prospective employer at 8 o'clock A. M. to begin work. She also knew that the Day Nursery where she placed her child did not open until 7:30 o'clock A. M. From knowledge which the referee possessed and upon inquiry made by him, he found the time necessary to travel by the public transportation system from the nursery to the office of the prospective employer would consume "about thirty minutes."

No attempt was made by Mrs. Wolf to contact the prospective employer and, except from statements made to her by unknown and unidentified persons, she did not make any effort to see if she could get from the Nursery to the prospective employer's place of business within the time available to her.

Under these facts, was there some obligation imposed on Mrs. Wolf to determine her ability to comply with the referral?

"Unemployment compensation is based upon the philosophy that employment and not unemployment is the goal to be attained * * *."

**Chambers v. Owens, A. K. Co., 146 Oh St 559 at 570.**

From the statements contained in her claim for compensation, Mrs. Wolf did make an effort to secure employment at places other than the one to which she was referred by the employment office. This, of course, she was required to do under the terms of the statute. (Sec. 1345-6-4 GC.)

This statute, in sub-section (5) requires a showing that the claimant, before being entitled to receive benefits under the Unemployment Act "is unable to obtain suitable work."

The Supreme Court of Ohio in the recent case of **Shannon v. Bureau of Unemployment Compensation, 155 Oh St 53,** said:

"The burden of proof is upon the claimant to establish the right to unemployment benefits under the unemployment compensation law of Ohio."

The circumstances of each case should be considered in arriving at a determination of the question whether the claimant is unable to obtain suitable work. It may be that if Mrs. Wolf had tried to get to the prospective employer's place of business from the Nursery she could have done so within the time available to her. It is also very probable that a conference with such employer would have resulted in arrangements satisfactory to all parties. Mrs. Wolf was content to depend on her own conjecture and with no effort on her part to comply with the requirement that she "actively" seek work. To hold that the claimant to whom a referral for work has been given may do nothing where the distance to be travelled to such work it not "an unreasonable distance from her residence" (§1345-6-[d] 2 GC) and hence receive compensation would be placing a premium upon inaction.

We believe that under the circumstances of the instant case, Mrs. Wolf did not comply with the provisions of the Unemployment Compensation Law. The judgment of the Common Pleas Court was proper. Judgment affirmed. Exceptions noted. Order see journal.

DOYLE, J, METCALF, J, concur.